UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EMAD EMILE DIDES,

    Plaintiff,

    v.

ROGER SCHLOSSBERG,
*Chapter 7 Trustee*,

    Defendant.

Civil Action No. TDC-22-0324

**MEMORANDUM OPINION**

Appellant Emad Emile Dides has appealed an Order of the United States Bankruptcy Court for the District of Maryland arising out of his Chapter 7 bankruptcy proceedings. The appeal seeks review of the Order Denying the Second Motion to Convert the Case from Chapter 7 to Chapter 13 ("the Order"). Having reviewed the submitted materials, the Court finds that no hearing is necessary because the facts and legal arguments have been adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b). For the reasons set forth below, the Order will be AFFIRMED.

**BACKGROUND**

**I.    The Chapter 7 Filing**

On November 16, 2020, Dides filed a self-represented voluntary petition for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Maryland ("the bankruptcy court"). Upon the filing of the Petition, a bankruptcy estate was established that comprised all of Dides's assets. Appellee Roger Schlossberg ("the Trustee") was appointed as trustee of the estate.

On December 1, 2020, Dides filed with the bankruptcy court a Statement of Financial Affairs, Summary of Assets and Liabilities, and the required schedules, including Schedule A/B, on which Dides was required to list his property, and Schedule D, on which Dides was required to list creditors who have claims secured by his property. On Schedule A/B, Dides listed as the only "residence, building, land, or similar property" in which he had a "legal or equitable interest" a parcel of land located at 1395 Gregg Drive, Lusby, Maryland 20657 ("the 1395 Gregg Drive Property"). Schedule A/B at 1, ECF No. 8-4. Where the Schedule A/B required Dides to list all vehicles in which he had a legal or equitable interest, consisting of any such "[c]ars, vans, trucks, tractors, sport utility vehicles, [and] motorcycles," Dides listed only a 2005 Cadillac DeVille. *Id.* at 2. Dides also stated that he owned no "publicly traded stocks" or "non-publicly traded stock [or] interests in incorporated and unincorporated businesses," including any limited liability companies (" LLCs"), partnerships, or joint ventures. *Id.* at 5.

Upon filing these documents, Dides informed the bankruptcy court clerk that he wished to convert his case from a Chapter 7 proceeding to a Chapter 13 proceeding. The clerk instructed Dides to file a Motion to Convert to Chapter 13.

## II.    First Motion to Convert

On February 23, 2021, Dides filed a Motion to Convert the Case to Chapter 13 (the "First Motion to Convert"). In contrast to a Chapter 7 bankruptcy, which involves the liquidation of the debtor's assets managed by a trustee, a Chapter 13 bankruptcy permits the debtor to keep his assets. *In re Murphy*, 474 F.3d 143, 147–48 (4th Cir. 2007). In such a proceeding, the debtor submits for the bankruptcy court's approval a plan to use the debtor's disposable income to pay creditors over a period of three years. *Id.* at 148 (citing 11 U.S.C. §§ 1321, 1322, 1325 (2018)). If the debtor successfully complies with the terms of the plan, the debtor receives a discharge of any remaining

2

dischargeable debts. *Id.* In response to the First Motion to Convert, the Trustee filed a Memorandum in Opposition to the First Motion to Convert, which was joined by a creditor, Calvert County, Maryland.

On April 14, 2021, the bankruptcy court held a hearing on the First Motion to Convert. At the hearing, the bankruptcy court found that Dides had misrepresented or failed to disclose various assets and liabilities in his Schedules. Specifically, Dides failed to disclose that he had a 50 percent interest in a parcel of land located at 1396 Gregg Drive, Lusby, MD 20657 ("the 1396 Gregg Drive Property"), that he owned a 2007 Yamaha motorcycle, and that he had a 20 percent interest in a van rental business, One World Services, Inc. ("OWS"). Moreover, the bankruptcy court found that although Dides had referenced a mortgage on the 1395 Gregg Drive Property held by YKD Financial Group, LLC ("YKD"), the mortgage was not recorded, and Dides did not disclose that the owner of YKD was his nephew. The bankruptcy court further found that Dides took "post-petition actions completely contrary to his duties as a [d]ebtor," without the knowledge or approval of the Trustee. 4/14/20 Hrg. Tr. at 42, ECF No. 8-35. For example, on January 21, 2021, Dides recorded deeds of trust, including on the 1395 Gregg Property and the 1396 Gregg Property. Dides also filed a lawsuit without the trustee's approval or knowledge. The bankruptcy court also more generally expressed skepticism about Dides's finances, questioning how Dides accumulated $16,000 in four months despite claiming four months earlier that his monthly income was negative $973.

Based on these facts, the bankruptcy court concluded that Dides had demonstrated a "lack of candor," particularly in "taking actions that he's not allowed to take in bankruptcy" and "taking actions that appear to protect family members who hold deeds in the trust." *Id.* at 45. The bankruptcy court therefore issued an Order Denying the First Motion to Convert on April 15, 2021.

## III. Second Motion to Convert

In May 2021, Dides retained counsel. On June 14, 2021, Dides filed amended Schedules. In his Amended Schedule A/B, Dides disclosed his ownership interest in the 1396 Gregg Property and his ownership of the 2007 Yamaha motorcycle. He also disclosed that he had an ownership interest in OWS and another van rental company, One World Transport, Inc.

On October 18, 2021, Dides, through counsel, filed a Second Motion to Convert the Case to Chapter 13 (the "Second Motion to Convert"). In the Second Motion to Convert, Dides argued that he lacked counsel for his initial filings and that there were changed circumstances because he had retained counsel and amended his Schedules. In a Memorandum in Opposition to the Second Motion to Convert, the Trustee focused on the bankruptcy court's findings at the hearing on the First Motion Convert, particularly the finding that Dides had lacked candor, and also alleged an ongoing failure to produce documents as required by the bankruptcy court's orders.

On January 20, 2022, the bankruptcy court held a hearing on the Second Motion to Convert. On January 24, 2022, the bankruptcy court issued an Order Denying the Second Motion to Convert "[f]or the reasons stated on the record" at the January 20, 2022 hearing. Order, ECF No. 8-38.

## IV. Procedural History

On February 3, 2022, Dides, proceeding *pro se*, filed a Notice of Appeal. Dides also filed a Designation of the Record (the "Appellant's Record"), which listed the transcript of the January 20, 2022 hearing on the Second Motion to Convert but did not include a copy of it and instead stated that it would be "supplemented." Designation of Record at 2, ECF No. 8. The appeal is now fully briefed. In its brief, the Trustee asserted that the failure to submit the transcript is grounds for dismissal of the appeal. In his reply brief, Dides did not respond to that argument and to date has not filed that transcript with this Court.

4

**DISCUSSION**

On appeal, Dides argues that the bankruptcy court erred by denying the Second Motion to Convert. Specifically, Dides argues that the bankruptcy court did not consider the "changed circumstances" that he had retained counsel, revised his Schedules, and by then had the ability and willingness to pay his creditors in full. Appellant's Brf. at 3, ECF No. 11. He also asserts that the Trustee has a conflict of interest and that the denial of the Second Motion to Convert harms the creditors. The Trustee argues that Dides's failure to obtain and submit the transcript of the January 20, 2022 hearing at which the Second Motion to Convert was denied warrants dismissal of the appeal or summary affirmance, and that, if the merits are considered, the bankruptcy court properly denied the Second Motion to Convert.

**I.   Standard of Review**

On an appeal from the bankruptcy court, the Court reviews legal conclusions *de novo*, factual findings for clear error, and discretionary decisions for abuse of discretion. *Copley v. United States (In re Copley)*, 959 F.3d 118, 121 (4th Cir. 2020); *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004). The bankruptcy court's decision to grant or deny a motion to convert is subject to review for abuse of discretion. *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994) (noting that the denial of a motion to convert from Chapter 11 to Chapter 7 is reviewed for abuse of discretion); *see also In re Fraidin*, No. 95-2922, 1997 WL 153826, at *2 (4th Cir. Apr. 3, 1997) (reviewing the bankruptcy court's decision to convert a case from a Chapter 11 proceeding to a Chapter 7 proceeding for abuse of discretion). The bankruptcy court's findings of fact made in support of its ruling are reviewed only for clear error. *See In re Copley*, 959 F.3d at 121.

5

## II.     Failure to Submit the Hearing Transcript

As a preliminary matter, the Trustee argues that the appeal should be dismissed, or the bankruptcy court's ruling should be affirmed, because Dides failed to obtain and submit the transcript of the January 20, 2022 hearing. On a bankruptcy appeal, the appellant must file a "designation of the items to be included in the record on appeal." Fed. R. Bankr. P. 8009(a)(1)(A). In particular, the record must include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4). Multiple courts have concluded that when an appellant fails to submit a transcript relevant to the issue on appellate review, the court cannot review the issue. *Keller v. Prince George's Cnty.*, 827 F.2d 952, 954 n.1 (4th Cir. 1987) (finding that where a plaintiff failed to provide a transcript of the hearing below at which the district court made findings of fact, the plaintiff had waived the claim on appeal that the findings of fact were clearly erroneous); *In re Pawlak*, 520 B.R. 177, 180 n.4 (D. Md. 2014); *see also In re Rose*, 483 B.R. 540, 544 (B.A.P. 8th Cir. 2012) (holding that in the absence of a transcript of the relevant hearing, the reviewing court could not conclude that the bankruptcy court's findings of fact were clearly erroneous). At least one court has held that when a bankruptcy court issues its ruling orally at a hearing but no transcript has been submitted, a reviewing court is unable adequately to adjudicate an appeal of the ruling and may dismiss the appeal. *See In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). Other courts have concluded that when the failure to submit a transcript precludes meaningful review of an issue on appeal, the court may summarily affirm the lower court's decision. *Moore v. Murphy*, 47 F.3d 8, 12 (1st Cir. 1995) (finding that because the court could not "intelligently determine" the merits of an appeal of a jury charge without a trial transcript, the judgment of the district court was affirmed); *In re Norwood*, No. 12-23027, 2013 WL 5405948, at *1 (B.A.P. 10th Cir. Sept. 27, 2013) (finding

6

that the appellant's failure to provide a transcript made review of an oral ruling impossible and summarily affirming the decision of the bankruptcy court); *In re Pawlak*, 520 B.R. at 180 n.4 (finding that because the appellant did not designate a transcript of a hearing, any oral rulings issued at that hearing could not be reviewed).

Here, Dides appeals the Order Denying the Second Motion to Convert. The Order states:

> Upon consideration of the [Second Motion to Convert] . . . the Opposition thereto filed by [the Trustee], any additional opposition and reply memoranda, together with any arguments advanced and any evidence admitted at any hearing conducted thereon . . . it is . . . hereby ORDERED that the Second Motion to Convert shall be and is hereby DENIED.

Order at 1. The Order further states that it was issued "[f]or the reasons stated on the record at the hearing held on January 20, 2022." *Id.* Thus, the bankruptcy court did not provide its reasoning for denying the Second Motion to Convert in its written Order and instead provided that reasoning on the record during the January 20, 2022 hearing. Under these circumstances, Dides's failure to submit the transcript of the January 20, 2022 hearing that would contain the bankruptcy court's reasons for its ruling effectively deprives this Court of the ability to meaningfully review the Order. The Court will therefore summarily affirm the bankruptcy court's denial of the Second Motion to Convert. *Moore*, 47 F.3d at 12; *In re Norwood*, 2013 WL 5405948, at *1; *In re Pawlak*, 520 B.R. at 180 n.4. *Cf. Keller*, 827 F.2d at 954 n.1 (4th Cir. 1987) (finding waiver of a claim on appeal in the absence of the relevant transcript).

## III. Disqualifying Conduct

In the alternative, even if the Court considers the merits of the appeal based on the limited available record, it nevertheless will affirm. In the absence of the relevant transcript, the court may review the available record and consider whether there is "any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did." *In re McCarthy*, 230 B.R.

at 417 (noting that in the absence of the relevant transcript, the court may presume that the appellant "does not regard the court's findings of fact and conclusions of law as helpful to his appeal"); *see Defenders of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014) (holding that an appellate court may affirm the lower court's decision on "any basis supported by the record").

Although a debtor may convert a case under Chapter 7 to a case under Chapters 11, 12, or 13 at any time, 11 U.S.C. § 706(a) (2018), this right to convert is not absolute. A Chapter 7 debtor's right to convert to Chapter 13 rests on his ability to qualify as a Chapter 13 "debtor." *Id.* § 706(d); *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 372 (2007). Because a Chapter 13 case may be dismissed or converted to Chapter 7 "for cause," and bankruptcy courts routinely interpret "cause" to include bad faith, a debtor's bad faith conduct renders the debtor ineligible to qualify as a Chapter 13 "debtor." *Marrama*, 549 U.S. at 373–74. In *Marrama*, a Chapter 7 debtor filed a Motion to Convert his case into a Chapter 13 proceeding. *Id.* at 368–69. However, in filing his Chapter 7 petition, Marrama misrepresented the value of his property and falsely stated that he had not transferred the property during the preceding year. *Id.* at 368. The United States Supreme Court upheld the denial of the conversion to Chapter 13 because Marrama had engaged in bad faith conduct and thus did not qualify as a Chapter 13 debtor. *Id.* at 374–76.

Here, although the record does not contain specific facts established at the January 20, 2022 hearing on the Second Motion to Convert, it includes the bankruptcy court's determination, in denying the First Motion to Convert, that Dides made multiple false statements or material omissions in his Chapter 7 filings and had taken improper steps after the filing of his petition. For example, the bankruptcy court found that Dides had failed to disclose various assets and liabilities, including failing to disclose his 50 percent ownership interest in the 1396 Gregg Drive Property

8

and his 20 percent ownership interest in OWS, and that he had not disclosed that his nephew was the owner of YKD, the company which held a mortgage secured by the 1395 Gregg Drive Property. The bankruptcy court also found that Dides took post-petition actions "completely contrary to his duties as a [d]ebtor" and "outside of the knowledge or the understanding or the approval of the Chapter 7 trustee," 4/14/20 Hrg. Tr. at 42, including recording two deeds of trust encumbering property that was part of the estate and filing a lawsuit without the trustee's knowledge. The bankruptcy court therefore found that Dides had acted with a "lack of candor" in his Chapter 7 filings and post-filing activities and denied the First Motion to Convert. *Id.* at 45.

In the Second Motion to Convert, Dides provided no basis to challenge the bankruptcy's findings of fact or conclusions of law on the First Motion to Convert. Although he asserted that there was a change in circumstances because he had retained counsel and amended his Schedules, he offered no additional facts that demonstrated that the prior finding of a lack of candor was erroneous. Under these circumstances, and in the absence of any additional facts from the January 20, 2022 hearing, the Court finds that there is a basis in the record to support the bankruptcy court's denial of the Second Motion to Convert, specifically, the factual finding that Dides had acted with a lack of candor, which can be construed as bad faith. Under *Marrama*, such a finding can provide a basis for a denial of a motion to convert to Chapter 13. *See Marrama*, 549 U.S. at 374. Accordingly, the Court finds that, on the present record, the bankruptcy court did not abuse its discretion and will affirm its denial of the Second Motion to Convert.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's Order Denying the Second Motion to Convert will be AFFIRMED. A separate Order shall issue.

Date: January 11, 2023

THEODORE D. CHUANG
United States District Judge